## COMMONWEALTH *vs.* MORGAN FARRELL.

A complaint duly charging an offence, certified in the usual form by the magistrate to whom it was presented to have been sworn to by the complainant, cannot be affected by evidence that there was no further examination of the complainant on oath before issuing the warrant.

COMPLAINT to the police court of Adams for an unlawful sale of intoxicating liquor, in violation of *St.* 1855, *c.* 215, § 15. Trial in the court of common pleas, at July term 1857, before *Sanger*, J., who signed this bill of exceptions :

"It appeared that the complaint was issued by the standing justice 'of said police court, without any examination under oath of the complainant previous to the issuing of the same, in relation to the fact and the grounds upon which the charge was preferred. The complaint was sworn to by the complainant in the usual manner. The defendant's counsel asked the presiding judge to rule that such examination should have been made, as preliminary to the receiving of the complaint, and that the said complaint be quashed for such informality. The court declined so to rule, and, for the purposes of the trial, ruled that the complaint was sufficient, and overruled the said motion. To the said ruling the defendant excepts."

*C. N. Emerson*, for the defendant. The Rev. Sts. *c.* 135, § 2,

expressly require that the magistrate "shall examine on oath the complainant," "and shall reduce the complaint to writing, and shall cause the same to be subscribed by the complainant." And see D. Davis's Justice, c. 1. Yet no such examination was had in this case.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

BY THE COURT. Where a complaint duly charging an offence is presented in writing to a magistrate, and he administers the oath to the complainant, and certifies it in the usual form, this is conclusive evidence of a compliance with the provisions of the Rev. Sts. c. 135, § 2.    *Exceptions overruled.*